# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| TALBOT'S PHARMACEUTICALS FAMILY PRODUCTS, LLC and ADMAR INTERNATIONAL, INC., )<br><br>*Plaintiffs,* )<br><br>v. )<br><br>SBSW, LLC d/b/a GOWIND, FOXX DEVELOPMENT, INC., AND SHU ZHAO, )<br><br>*Defendants.* | Civil Action No.: 3:20-cv-00915<br>Judge Terry A. Doughty<br>Magistrate Judge Karen L. Hayes<br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT AND
## UNFAIR COMPETITION

Plaintiffs Talbot's Pharmaceuticals Family Products, LLC (Dr. Talbot's) and Admar International, Inc. (Admar) (collectively Plaintiffs), by this amended complaint charge Defendants, SBSE, LLC d/b/a/ Gowind (Gowind), Foxx Development, Inc., and Shu Zhao (Zhao) (collectively Defendants) with trademark and trade dress infringement and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125 and La. R.S. §§ 51:211, et seq. and 51:1401, et seq., and seek an injunction, damages, treble damages, costs and attorneys' fees.

### THE PARTIES

1.      Plaintiff Dr. Talbot's is a limited liability company organized and existing under the laws of the State of Florida having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.  All members of Dr. Talbot's have their domicile in the State of Louisiana.

2.      Plaintiff Admar is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

3.      Defendant Gowind is a limited liability company organized and existing under the laws of the State of Georgia having a principal place of business at 2472 Kings Arms Point Northeast, Atlanta, Georgia 30345.   Upon information and belief, Gowind's single manager/member is Defendant Zhao who is domiciled in the State of Georgia.  Defendant Zhao is designated as Gowind's registered agent for service of process.   Gowind operates a highly interactive website at www.sbswllc.com and an Amazon.com storefront through which it conducts business over the internet throughout the United States and in the State of Louisiana and this Judicial District.

4.      Defendant Foxx is a corporation organized and existing under the laws of the State of Texas having a principal place of business at 6689 Peachtree Industrial Boulevard, Suite B, Peachtree Corners, Georgia 30092.  Defendant Zhao is, upon information and belief, the Chief Financial Officer of Foxx.

5.      Defendant Zhao is, upon information and belief, an alien resident in the State of Georgia who resides and is conducting business at 2472 Kings Arms Point Northeast, Atlanta, Georgia 30345.

### NATURE OF THE ACTION, JURISDICTION AND VENUE

6.      This is a civil action for trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125(a); and La. R.S. §§ 51:211 et seq. and 51:1401 et seq.  This action involves acts of trademark and trade dress infringement and unfair competition committed by Defendants in the promotion, advertising, marketing, distribution, offer for sale and sale of medical

thermometers using Plaintiffs' famous NUBY and DR. TALBOT'S trademarks and product packaging trade dress over the internet through their Amazon.com online store.  Plaintiffs seek damages, injunctive relief, enhanced damages, reasonable attorneys' fees, costs and expenses.

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Trademark Laws of the United States and the assertion of the unfair competition claims are joined with a substantial and related claim under the Trademark Laws of the United States.

8.     This Court has personal jurisdiction over the Defendants because (1) Plaintiffs' claims arise in whole or in part out of Defendants' purposeful and intentional conduct in Louisiana and this Judicial District, (ii) Defendants advertise, promote, market, distribute, offer for sale and sell products to residents of Louisiana and are therefore doing business in the State of Louisiana including this Judicial District, (iii) upon information and belief, Defendants derive fees and income from the promotion, advertising, marketing, distribution, offer for sale and sale of infringing products to consumers, customers and purchasers in the State of Louisiana and derive substantial revenue from those activities, (iv) Defendants' infringing activities and acts of unfair competition giving rise to this action are occurring in the State of Louisiana, (v) Consumers, customers and purchasers targeted by Defendants' advertisements reside in the State of Louisiana and this Judicial District, (vi) Defendants advertise, promote, market, distribute, offer for sale and sell products that are injected into the stream of commerce with the intent and expectation that those products will be purchased by consumers, customers and potential purchasers in Louisiana and this Judicial District, and (vii) Defendants benefit financially from the Louisiana market by advertising and selling infringing products that are ultimately delivered in Louisiana and this Judicial District.

9.     Defendants are subject to personal jurisdiction under the provisions of the Louisiana Long Arm Statute, La. R.S. § 13:3204, by virtue of the fact that Defendants have availed themselves of the privilege of conducting and soliciting business within this State, including engaging in the infringing and unfair acts alleged herein through the promotion, advertising, marketing, distribution, offering for sale and sale of infringing products in this State.

10.     The allegations and claims set forth in this action arise out of Defendants' acts of infringement and unfair competition throughout this State and in this Judicial District, such that it would be reasonable for this Court to exercise personal jurisdiction consistent with the principles underlying the United States Constitution and would not offend traditional notions of fair play and substantial justice.

11.     Upon further information and belief, Defendants have also established minimum contacts with this State and within this Judicial District and, upon information and belief, regularly transact and do business within this State and Judicial District, including promoting, advertising, marketing, distributing, offering for sale and selling products over the internet, including acts that infringe Plaintiffs' registered and unregistered trademarks and trade dress, and constitute unfair competition, such as promoting, advertising, marketing, distributing, offering for sale and selling on their online store medical thermometer products using without authorization or consent Plaintiffs' NUBY and DR. TALBOT'S trademarks, then through third parties delivering those products directly to consumers, customers and purchasers residing within this State and this Judicial District.  Defendants have purposefully directed activities at citizens of this State and located within this Judicial District.

12.     Venue in the Western District of Louisiana is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims

occurred in, and a substantial part of the property that is the subject of this action is situated in, the State of Louisiana and this Judicial District and the Court has personal jurisdiction over these Defendants.

**STATEMENT OF FACTS**

**Background**

13.     Dr. Talbot's has been in business for many years as a designer and seller of innovative, high quality, attractive and effective health and wellness products.  Admar was formed to manage intellectual property assets on behalf of Dr. Talbot's and others.  Dr. Talbot's and Admar's headquarters are in Monroe, Louisiana, where they conduct most of their business, maintain their corporate books and records, and where most of the employees, officers and directors are located.

14.     Plaintiffs enjoy a superior reputation with consumers in the State of Louisiana and throughout the United States, for innovative, high quality, attractive and effective health and wellness products.  Plaintiffs' products are well known in Louisiana and throughout the United States.

15.     One of Plaintiffs' products that embodies their dedication to creating innovative, high quality, attractive and effective product designs is a digital infrared medical thermometer marketed under the NUBY and DR. TALBOT'S marks.

**Plaintiffs' Trademarks**

16.     Plaintiffs' products are purchased and sold in Louisiana and throughout the United States both online and by independent retailers under the registered and common law trademarks NUBY and DR. TALBOT'S.  The NUBY and DR. TALBOT'S trademarks are registered with the Louisiana Secretary of State and the United States Patent and Trademark Office and are entitled

5

to the full benefits of La. R.S. §§ 51:211 et seq., and 15 U.S.C. §§ 1051 et seq.  Plaintiff Admar is in the business of owning and licensing intellectual property and is the owner of the NUBY and DR. TALBOT'S trademarks.

17.     Admar is the owner of U.S. Trademark Registration No. 6,103,678 for the word mark NUBY in International Class 10 that covers numerous goods including thermometers for medical use.  A copy of the NUBY US registration is attached as Exhibit 1.

18.     Admar is the owner of U.S. Trademark Registration No. 5,180,038 for the word and design mark DR. TALBOT'S ORIGINAL SINCE 1933 for medicated diaper rash ointments and lotions in International Class 5 and U.S. Trademark Registration No. 6,027,503 for the word mark DR. TALBOT'S also in International Class 5.   A copy of the DR. TALBOT'S US registrations are attached as Exhibit 2.

19.     Admar is the owner of nine U.S. Trademark applications for the word mark DR. TALBOT'S in various international classes, including for medical thermometers in International Class 10, and for the various goods and services as set out in the chart attached as Exhibit 3.  The application to register the DR. TALBOT'S mark in International Class 10, Serial No. 88/598,101, was filed on August 29, 2019 and has been approved.  A copy of the Notice of Allowance is attached as Exhibit 4.  A Statement of Use was filed on June 19, 2020, a Notice of Acceptance of Statement of Use was issued on July 25, 2020, and the registration is expected to issue shortly.

20.     Admar is the owner of Louisiana State Trademark Registration Nos. WEB 73-0886 and WEB 73-0911 for the NUBY word mark and logo in International Class 10 for Medical Apparatus that includes medical thermometers.  Copies of the NUBY state registrations are attached as Exhibit 5.

21.     Admar is the owner of Louisiana State Trademark Registration No. WEB 71-9841 for the word mark DR. TALBOT'S for medical thermometers in International Class 10.  A copy of the DR. TALBOT'S state registration is attached as Exhibit 6.

22.     Admar has licensed the NUBY and DR. TALBOT'S trademarks in interstate commerce in the United States and Louisiana to Dr. Talbot's and others for use in connection with the sale and distribution of products falling within International Class 10 including medical thermometers.  Plaintiffs and their licensees have sold a substantial quantity of goods falling within International Class 10 including medical thermometers.  All good will associated with the use of the NUBY and DR. TALBOT'S marks accrues to the benefit of Admar.

23.     The NUBY and DR. TALBOT'S marks are distinctive symbols, which serve as trademarks for Plaintiffs' products promoted and sold in the State of Louisiana and throughout the United States.  The appearance of Plaintiffs' NUBY and DR. TALBOT'S marks are distinctive symbols which serve as trademarks for Plaintiffs' products in Louisiana and the United States. Plaintiffs use the NUBY and DR. TALBOT'S marks on a wide variety of health and wellness products sold in Louisiana and throughout the United States including medical thermometers. Plaintiffs' long term, continuous and extensive use of the NUBY and DR. TALBOT'S marks on innovative, high quality, attractive and effective health and wellness products, including medical thermometers, has generated substantial good will for Plaintiffs associated with the NUBY and DR. TALBOT'S marks.   Plaintiffs' NUBY and DR. TALBOT'S marks acquired secondary meaning and became famous in the United States including the State of Louisiana long before the acts of Defendants complained of herein.

24.     As a result of Plaintiffs' innovative, high quality, attractive and effective designs, together with an uncompromising commitment to high quality, extensive promotional activities by

Plaintiffs and Plaintiffs' licensees, together with their widespread and substantial sales, Plaintiffs' products, packaging and the NUBY and DR. TALBOT'S marks have all become widely known throughout Louisiana and the United States, and have become directly associated with Plaintiffs as a source of innovative, high quality, attractive and effective wellness products.

25.     The NUBY and DR. TALBOT'S marks are distinctive symbols which serve as trademarks for Plaintiffs' products promoted and sold in the State of Louisiana and throughout the United States.  Plaintiffs use the NUBY and DR. TALBOT'S trademarks on medical thermometer products sold in Louisiana and throughout the United States including within this Judicial District. Plaintiffs' long term, continuous and extensive use of the NUBY and DR. TALBOT'S trademarks on innovative, high quality, attractive and effective health and wellness products, including medical thermometers, has generated substantial good will for Plaintiffs associated with the NUBY and DR. TALBOT'S trademarks.  Plaintiffs' NUBY and DR. TALBOT'S trademarks have acquired secondary meaning and became famous in the United States including the State of Louisiana long before the acts of Defendants complained of herein.

26.     Since their introduction, Plaintiffs have sold a substantial quantity of health and wellness products, including medical thermometers, bearing the NUBY and DR. TALBOT'S trademarks.  Plaintiffs and those associated with Plaintiffs have invested substantial time and resources in promoting health and wellness products, including medical thermometers, with the NUBY and DR. TALBOT'S trademarks.  As a result of the widespread, continuous, and exclusive use of the NUBY and DR. TALBOT'S marks on health and wellness products, including products falling within International Class 10 such as medical thermometers, to identify Plaintiffs as their ultimate source, Plaintiffs own valid and subsisting federal and state statutory and common law rights to the NUBY and DR. TALBOT'S marks for use on medical thermometers.

27.     Plaintiffs' NUBY and DR. TALBOT'S marks are distinctive to both the consuming public and Plaintiffs' trade.

28.     Plaintiffs have expended substantial time, money and resources marketing and promoting products falling within International Class 10, including medical thermometers, sold under the NUBY and DR. TALBOT'S marks throughout the United States including the use of point of purchase materials, displays, social media and online retail.

29.     The products falling within International Class 10, including medical thermometers, that Admar has licensed under the NUBY and DR. TALBOT'S marks are of high quality encompassing attractive and unique product designs and are constructed of high quality materials using state of the art manufacturing.  Admar has at all times exercised control over the quality of the products licensed for use under the NUBY and DR. TALBOT'S marks to insure that they are of the highest quality.

**Plaintiffs' Trade Dress**

30.     Plaintiff LNC is the creator, designer, and owner of the product packaging constituting the DR. TALBOT'S TRADE DRESS.  An image of Plaintiffs' DR. TALBOT'S TRADE DRESS is attached as Exhibit 7.  Plaintiffs' DR. TALBOT'S TRADE DRESS is protected under the federal Lanham Act, 15 U.S.C. §§ 1051 et seq.

31.     Plaintiffs' DR. TALBOT'S TRADE DRESS employs a distinctive, unique and non-functional product packaging that serves as a trademark indicating Plaintiffs as the sole source.  Based on the innovative, high quality and attractive design of Plaintiffs' DR. TALBOT'S TRADE DRESS it has achieved substantial success, good will and secondary meaning.  Since its introduction, Plaintiffs have sold more than 1 million medical thermometers using the protected trade dress.  Plaintiffs and those associated with Plaintiffs have invested substantial time and

resources in promoting medical thermometer products with the protected trade dress and especially the unique and distinctive product packaging by featuring the DR. TALBOT'S TRADE DRESS. Plaintiffs' unique and distinctive DR. TALBOT'S TRADE DRESS serves as a trademark identifying Plaintiffs as the sole source of the product.  Plaintiffs' nonfunctional DR. TALBOT'S TRADE DRESS has come to be associated in the minds of the consuming public as a product originating from Plaintiffs.

32.    Legitimate competitors offer competing medical thermometers using product packaging that does not copy Plaintiffs' unique and distinctive DR. TALBOT'S TRADE DRESS. The presence of legitimate competing product packaging is recognition by the industry that Plaintiffs' DR. TALBOT'S TRADE DRESS is unique, distinctive and serves as a trademark of Plaintiffs.  The presence of legitimate competing product packaging also demonstrates that Plaintiffs' DR. TALBOT'S TRADE DRESS is not functional as legitimate competitors can achieve utilitarian functions without using Plaintiffs' DR. TALBOT'S TRADE DRESS' unique and distinctive design features.  Plaintiffs' DR. TALBOT'S TRADE DRESS has acquired secondary meaning and became famous in the United States including the State of Louisiana long before the acts of Defendants complained of herein.  Plaintiffs have protectable trade dress rights in the DR. TALBOT'S TRADE DRESS.

**Defendants' Infringement and Unfair Competition**

33.    Upon information and belief, Defendant Zhao uses Defendant Foxx as a conduit for importing medical thermometers into the United States and uses Defendant Gowind as a conduit for promoting, advertising, marketing, distributing, offering for sale and selling medical thermometers throughout the United States including the State of Louisiana using the NUBY and DR. TALBOT'S marks and the DR. TALBOT'S TRADE DRESS.

34.     Defendants have engaged in activities intentionally directed at consumers, potential customers and purchasers who are residents of Louisiana and the United States in a willful, unlawful, and unfair campaign using without authorization or consent the NUBY and DR. TALBOT'S marks and the DR. TALBOT'S TRADE DRESS in connection with using, promoting, advertising, marketing, distributing, offering for sale and selling medical thermometer products. Defendants' medical thermometers sold using the NUBY and DR. TALBOT'S marks and the DR. TALBOT'S TRADE DRESS infringe Plaintiffs' NUBY and DR. TALBOT'S trademarks and trade dress rights.   Defendants' activities, intentionally directed at consumers, customers and potential purchasers who are residents of Louisiana and the United States, include using, promoting, advertising, marketing, distributing, offering for sale and selling products employing marks that are identical to Plaintiffs' NUBY and DR. TALBOT'S marks and product packaging that is identical to the DR. TALBOT'S TRADE DRESS and are likely to cause confusion or mistake or to deceive consumers, customers and potential purchasers, including those who are residents of Louisiana and the United States, as to the source or origin of such goods.

35.     Defendants promote, advertise, market, distribute, offer for sale and sell in Louisiana and the United States medical thermometers using marks that are identical to Plaintiffs' NUBY and DR. TALBOT'S marks and product packaging that is identical to the DR. TALBOT'S TRADE DRESS in such a way that it is likely to cause consumer confusion and mistake.  Attached as Exhibit 8 is the landing page from Defendants' Amazon.com online store in response to an entered search for "Dr. Talbots infrared thermometer."  That search results in the display of numerous digital infrared thermometer products, two of which copy the and DR. TALBOT'S TRADE DRESS and bear the NUBY and DR. TALBOT'S trademarks.  Both link to Defendants' online store where the products using the DR. TALBOT'S TRADE DRESS and bearing the NUBY

and DR. TALBOT'S trademarks are displayed.  Defendants are not authorized to sell medical thermometers using the DR. TALBOT'S TRADE DRESS or the NUBY and DR. TALBOT'S trademarks and upon information and belief are undertaking a "bait and switch" scheme to defraud Plaintiffs and consumers by selling counterfeit medical thermometers that are not approved, authorized or sponsored by Plaintiffs.  When the user clicks on the medical thermometers bearing DR. TALBOT'S TRADE DRESS with the NUBY and DR. TALBOT'S trademarks, he or she is linked to a product page that appears to be Dr. Talbot's product page with all the offering details but is in fact operated by Defendants as is evidenced by the notice "Ships from and sold by GOWIND" circled in Exhibit 9.  The medical thermometers sold by Defendants do not originate from Plaintiffs, are not approved by Plaintiffs, and Defendants are not authorized to sell medical thermometers using the NUBY or  DR. TALBOT'S trademarks or the DR. TALBOT'S TRADE DRESS.  The medical thermometers Defendants are selling that copy the NUBY and DR. TALBOT'S trademarks and DR. TALBOT'S TRADE DRESS are counterfeits.  It is highly likely that a consumer, customer or potential purchaser offered or shown Defendants' counterfeit medical thermometer on Defendants' Amazon.com online store will believe that he or she is being offered or shown a medical thermometer originating from Plaintiffs.  That consumer, customer or potential purchaser has no way of knowing the counterfeit medical thermometer is a counterfeit and does not originate from Plaintiffs.

36.     Plaintiffs and Defendants are generally competitors in the market for medical thermometers.

37.     Defendants' activities directed at consumers, customers and potential purchasers including those who are resident in the United States and the State of Louisiana as described

hereinabove constitute trademark infringement, unfair methods of competition and unfair and deceptive acts and practices in the conduct of trade and commerce.

38.     Defendants' acts of trademark and trade dress infringement and unfair competition were and are willful and Defendants have profited and will continue to profit from their improper and unlawful activities unless enjoined by this Court.

39.     Plaintiffs have and will continue to suffer substantial damages as a result of Defendants' bad faith activities and therefore Plaintiffs seek judgment against Defendants in an amount commensurate with their losses plus their reasonable attorneys' fees, and for legal interest from the date of judicial demand until paid and for all costs of these proceedings.

40.     Defendants are domiciled in the States of Georgia and Texas and may be served under the provisions of the Louisiana Long Arm Statute.

### CLAIM I – FEDERAL TRADEMARK INFRINGEMENT (LANHAM ACT VIOLATION – 15 U.S.C. § 1114)

41.     Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

42.     Admar is the owner of U.S. Trademark Registration No. 6,103,678 for the word mark NUBY in International Class 10 that includes medical thermometers and that registration was duly and lawfully issued by the United States Patent and Trademark Office.  The NUBY trademark registration is valid and subsisting.  Plaintiffs' NUBY mark is solely associated with Plaintiffs and represents substantial good will.  The NUBY mark and registration is a valuable asset of Plaintiffs.  Dr. Talbot's is licensed to use the NUBY trademark for medical thermometers in the United States.

43.     Admar is the owner of U.S. Trademark Registration Nos. 5,180,038 and 6,027,503 for the word mark DR. TALBOT'S in International Class 5 and those registrations were duly and

lawfully issued by the United States Patent and Trademark Office.  Dr. Talbot's is licensed to use in the United States the DR. TALBOT'S trademark for the goods in Class 5 and medical thermometers.  International Class 5 covers products that are promoted, advertised, marketed, distributed, offered for sale and sold in the same channels as medical thermometers and to the same customers  Medical thermometers are in the natural zone of expansion of the goods described in Plaintiffs' registrations.  The DR. TALBOT'S trademark registrations are valid and subsisting. Plaintiffs' DR. TALBOT'S mark is solely associated with Plaintiffs and represents substantial good will.  The DR. TALBOT'S mark and registrations are valuable assets of Plaintiffs.  Dr. Talbot's is licensed to use the DR. TALBOT'S trademark for medical thermometers in the United States.

44.     Defendants promote, advertise, market, distribute, offer for sale and sell competing medical thermometers using the identical NUBY and DR. TALBOT'S marks.  The ordinary consumer, customer and potential purchaser cannot distinguish between Plaintiffs' registered NUBY and DR. TALBOT'S marks and Defendants' counterfeit NUBY and DR. TALBOT'S marks.

45.     Defendants, without authorization or consent from Plaintiffs, unlawfully use on their online store marks that are identical to Plaintiffs' registered NUBY and DR. TALBOT'S marks in connection with the advertising, promotion, marketing, distribution, offering for sale and sale of Defendants' medical thermometers.  Defendants' unauthorized use of a mark that is identical to Plaintiffs' NUBY and DR. TALBOT'S marks will likely cause confusion among consumers, customers and potential purchasers of medical thermometers as to the true source and origin of Defendants' medical thermometers, and will deceive consumers, customers and potential

purchasers into the mistaken belief that when they buy Defendants' medical thermometers they are buying Plaintiffs' NUBY and DR. TALBOT'S medical thermometers.

46.     As a result of Defendants' intentional conduct, Plaintiffs' valuable NUBY and DR. TALBOT'S trademarks have been and are being infringed to Plaintiffs' substantial harm and detriment.  Plaintiffs have lost customers, profits and goodwill.  Plaintiffs' reputation has been tarnished, diminished and their NUBY and DR. TALBOT'S trademarks diluted by Defendants' unlawful conduct.  Unless Defendants are restrained from using marks that are identical to the NUBY and DR. TALBOT'S trademarks, Plaintiffs will continue to suffer injury.

47.     As a direct consequence of Defendants' unlawful acts and practices, Plaintiffs have suffered, will continue to suffer, and are likely to suffer lost sales and profits and injury to their business reputation and goodwill, for which Plaintiffs are entitled to the recovery of damages including enhanced damages.

48.     Defendants' actions demonstrate and are consistent with an intentional, willful, malicious, and bad faith intent to trade on the goodwill associated with Plaintiffs' NUBY and DR. TALBOT'S trademarks to the significant detriment of and damage to Plaintiffs.

49.     Unless enjoined, Plaintiffs will continue to suffer and are likely to continue to suffer damages including injury to their business reputation and goodwill which damage is irreparable and cannot be adequately compensated by money damages alone entitling Plaintiffs to entry of injunctive relief.

50.     Plaintiffs are entitled to their costs, including reasonable attorneys' fees.

### COUNT II – FEDERAL UNFAIR COMPETITION
### (LANHAM ACT VIOLATION – 15 U.S.C. § 1125)

51.     Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

52.     Plaintiffs are the users and owners of the NUBY and DR. TALBOT'S marks and the DR. TALBOT'S TRADE DRESS widely used by Plaintiffs throughout the United States to identify health and wellness products, including medical thermometers, originating from Plaintiffs. Plaintiffs acquired their rights in the NUBY and DR. TALBOT'S marks and DR. TALBOT'S TRADE DRESS prior to the acts of Defendants complained of herein.  The NUBY and DR. TALBOT'S marks and DR. TALBOT'S TRADE DRESS exclusively identify Plaintiffs' Dr. Talbot's medical thermometer and are solely associated with Plaintiffs and represent substantial good will of Plaintiffs.  Plaintiffs have used throughout the United States the NUBY and DR. TALBOT'S mark and DR. TALBOT'S TRADE DRESS continuously and have sold substantial quantities of health and wellness products, including medical thermometers, using the NUBY and DR. TALBOT'S marks and DR. TALBOT'S TRADE DRESS.  Plaintiffs and others working in association with Plaintiffs have engaged in substantial promotional and advertising activities featuring the NUBY and DR. TALBOT'S marks and DR. TALBOT'S TRADE DRESS.  As a result of these promotional and advertising activities together with the substantial sales of medical thermometers bearing the NUBY and DR. TALBOT'S marks and DR. TALBOT'S TRADE DRESS, the NUBY and DR. TALBOT'S marks and DR. TALBOT'S TRADE DRESS have acquired secondary meaning in the marketplace as consumers, customers and potential purchasers have come to recognize the NUBY and DR. TALBOT'S marks and DR. TALBOT'S TRADE DRESS as well-known indicators of high quality medical thermometers sold by a single source, Plaintiffs.

53.     Defendants promote, advertise, market, distribute, offer for sale and sell competing medical thermometers on their Amazon.com online store that use marks and product packaging that is identical to Plaintiffs' NUBY and DR. TALBOT'S marks and DR. TALBOT'S TRADE

DRESS.  The ordinary consumer, customer and potential purchaser cannot distinguish between Plaintiffs' medical thermometers and Defendants' medical thermometers.

54.     Defendants, without authorization or consent from Plaintiffs, unlawfully use marks that are identical to Plaintiffs' NUBY and DR. TALBOT'S marks and product packaging that is identical to the DR. TALBOT'S TRADE DRESS in connection with the promotion, advertising, marketing, distribution, offering for sale and sale of Defendants' medical thermometers. Defendants' unauthorized use of marks that are identical to the NUBY and DR. TALBOT'S marks and product packaging that is identical to the DR. TALBOT'S TRADE DRESS will likely cause confusion among consumers, customers and potential purchasers of medical thermometers as to the true source and origin of Defendants' medical thermometers, and will deceive consumers, customers, and potential purchasers into the mistaken belief that when they buy Defendants' medical thermometers they are buying Plaintiffs' medical thermometers.

55.     As a result of Defendants' intentional conduct, Plaintiffs' valuable NUBY and DR. TALBOT'S trademarks and DR. TALBOT'S TRADE DRESS have been and are being infringed to Plaintiffs' substantial harm and detriment.  Plaintiffs have lost customers, profits and goodwill. Plaintiffs' reputation has been tarnished and its NUBY and DR. TALBOT'S trademarks and DR. TALBOT'S TRADE DRESS diluted by Defendants' unlawful conduct.  Unless Defendants are restrained from using an identical trademark, Plaintiffs will continue to suffer injury.

### CLAIM III – LOUISIANA TRADEMARK INFRINGEMENT
### (LA. R.S. § 51:222)

56.     Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

57.     Admar is the owner of Louisiana Trademark Registration No. WEB 73-0886 for the word mark NUBY in International Class 10.  Admar is the owner of Louisiana Trademark

Registration No. WEB 73-0911 for the NUBY logo in International Class 10.  Admar is the owner of Louisiana Trademark Registration No. WEB 71-9841 for the word mark DR. TALBOT'S in International Class 10.  All three registrations were lawfully issued by the Louisiana Secretary of State.  The NUBY and DR. TALBOT'S trademark registrations are valid and subsisting.  Plaintiff Dr. Talbot's is licensed to use the NUBY and DR. TALBOT's trademarks in the State of Louisiana, and throughout the United States, for medical products in International Class 10 including medical thermometers.  All good will associated with the use of the NUBY and DR. TALBOT'S marks accrue to the benefit of Admar.  Plaintiff Admar's NUBY and DR. TALBOT'S trademarks are solely associated with Admar and represents substantial good will.  The NUBY and DR. TALBOT'S trademarks and registrations, and the license to use them, are valuable assets of Plaintiffs.

58.     Defendants advertise, promote, market, distribute, display, offer for sale and sell on their website and online store throughout the United States including Louisiana and this Judicial District competing medical thermometers that use marks that are identical to the NUBY and DR. TALBOT's marks.  The ordinary consumer, customer and potential purchaser cannot distinguish between the NUBY and DR. TALBOT'S registered trademarks owned and licensed by Plaintiffs and Defendants' use of the NUBY and DR. TALBOT'S marks.

59.     Defendants, without authorization or consent from Plaintiffs, unlawfully use on their online store marks that are identical to Admar's registered NUBY and DR. TALBOT'S trademarks in connection with the advertising, promotion, marketing, distribution, display, offering for sale and sale of medical thermometers.  Defendants' unauthorized use of marks that are identical to the NUBY and DR. TALBOT'S registered trademarks will likely cause confusion among consumers, customers and potential purchasers of medical thermometers as to the true

18

source and origin of Defendants' medical thermometers, and will deceive consumers, customers and potential purchasers into the mistaken belief that when they buy Defendants' medical thermometers they are buying Plaintiffs' medical thermometers.

60.     As a result of Defendants' intentional conduct, Plaintiffs' valuable NUBY and DR. TALBOT'S trademarks have been and are being infringed to Plaintiffs' substantial harm and detriment.  Plaintiffs have lost customers, profits and goodwill.  Plaintiffs' reputation has been tarnished and their NUBY and DR. TALBOT'S trademarks have been tarnished, diminished and diluted by Defendants' unlawful conduct.  Unless Defendants are restrained from using marks that are identical to the NUBY and DR. TALBOT'S registered trademarks, Plaintiffs will continue to suffer injury.

### CLAIM IV – LOUISIANA LUPTA VIOLATION
### (LA. R.S. § 51:1401 ET SEQ.)

61.     Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

62.     Plaintiffs are the users and owners of the NUBY and DR. TALBOT'S trademarks registered in Louisiana (WEB 73-0886, WEB 73 0911 and WEB 71-9841) and with the United States Patent and Trademark Office (Registration Serial Nos. 6, 193,678; 5,180,038 and 6,027,503).  Plaintiffs use the trademarks in connection with the sale of high quality health and wellness products, including medical thermometers.  Plaintiffs are the users and owners of the DR. TALBOT'S TRADE DRESS.  Consumers, customers and potential purchasers throughout the United States including Louisiana and this Judicial District have come to recognize the trademarks and trade dress as signifying health and wellness products and especially medical thermometers that originate from Plaintiffs.

63.     Defendants are direct competitors of Plaintiffs.  Defendants advertise, promote, market, distribute, display, offer for sale and sell on their online store competing medical thermometers that use marks that are identical to Plaintiffs' NUBY and DR. TALBOT'S marks and identical to the DR. TALBOT'S TRADE DRESS.  The ordinary consumer, customer and potential purchaser cannot distinguish between Plaintiffs' NUBY and DR. TALBOT'S marks and the DR. TALBOT'S TRADE DRESS and Defendants' identical use of the NUBY and DR. TALBOT'S marks and the DR. TALBOT'S TRADE DRESS.

64.     Defendants, without authorization or consent from Plaintiffs, unlawfully and unfairly use Plaintiffs' trademarks and trade dress in connection with the advertising, promotion, marketing, distribution, display, offer for sale and sale of Defendants' medical thermometers. Defendants know that they have no authorization, permission or right to use marks that are identical to Plaintiff's trademarks or trade dress.  Defendants' use of Plaintiffs' trademarks and trade dress is intentional, fraudulent, deceitful, willful, deliberate, malicious and in bad faith. Defendants' improper and unfair acts are intended to harm Plaintiffs by diverting sales from Plaintiffs to Defendants and adversely affecting Plaintiffs' reputation.  Defendants' improper and unfair acts are also intended to harm consumers, customers and potential purchasers of medical thermometers by deceiving them into purchasing Defendants' medical thermometers instead of Plaintiffs' medical thermometers.  Defendants' unlawful and unfair acts are undertaken in support of a scheme to unfairly compete with Plaintiffs and are unethical, oppressive, unscrupulous, and substantially injurious to both consumers and Plaintiffs.  As a result of Defendants' intentional and unfair conduct, Plaintiffs have lost customers, profits and goodwill.  Plaintiffs' reputation has been tarnished, diminished and diluted.  Defendants' unlawful acts will continue unless enjoined by this Court.

65.     Plaintiffs have no adequate remedy at law to address these injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendants and grant the following relief:

A.      For judgment that Defendants have violated Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); has violated La. R.S. §§ 51:222 and has violated La. R.S. §§ 51:1401, et seq.;

B.      For judgment awarding actual and punitive damages to Plaintiffs as proven at trial of this action in accordance with 15 U.S.C. § 1117; La. R.S. § 51:223 and La. R.S. § 51:1409, together with prejudgment and post-judgment interest and costs;

C.      For judgment awarding equitable relief including, but not limited to, entry of a permanent injunction enjoining Defendants and Defendants' managers, members, shareholders, directors, officers, agents, servants, employees, representatives, successors, and assigns, and all others acting in concert or participation with them, from continued infringement of Plaintiffs' trademark and from further acts of unfair competition;

D.      For an accounting of all Defendants' profits derived from their acts of infringement and unfair competition;

E.      For judgment that Defendants' trademark infringement and unfair competition is willful entitling Plaintiffs' to an increase in damages up to three times the amount found or assessed;

F.      For judgment awarding Plaintiffs their reasonable attorneys' fees, costs, and expenses incurred in this action; and

G.      For judgment awarding such other and further relief to which Plaintiffs are entitled or the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Respectfully submitted this 11th day of August 2020.

/s/ *Robert M. Chiaviello, Jr.*
Robert M. Chiaviello, Jr.
Louisiana State Bar No. 37370
E-Mail: bobc@nuby.com
3030 Aurora Avenue
Monroe, LA  71201
Tel No.: (318) 410-4012
Fax No.: (318) 388-5892

*Counsel for Plaintiffs, Talbot's*
*Pharmaceuticals Family Products, LLC*
*and Admar International, Inc.*

# EXHIBIT 1

# United States of America
## United States Patent and Trademark Office

# NUBY

**Reg. No. 6,103,678**

**Registered Jul. 14, 2020**

**Int. Cl.: 10**

**Trademark**

**Principal Register**

Admar International, Inc.  (DELAWARE CORPORATION)
Ip Department
3030 Aurora Avenue
Monroe, LOUISIANA 71201

CLASS 10: Babies' bottles; Baby bottle nipples; Baby bottle that plays sounds using wireless technology; Baby bottles; Baby feeding dummies; Baby feeding pacifiers; Baby nursers; Breast milk storage bottles; Breast pumps; Breast shields; Breast warmer pads for medical purposes; Dropper bottles for administering medication, sold empty; Droppers for administering medication, sold empty; Feeding bottle teats; Feeding bottles; Gum massaging instruments; Nasal aspirators; Nursing bottles; Pacifier clips; Pacifier cloth for attachment to infant pacifiers; Spoons for administering medicine; Teething rings; Thermometers for medical purposes; Thermometers for medical use; Bottle holders for holding babies' bottles, namely, holders for holding babies' bottles during feeding in the nature of flexible braces for wearing around the neck of the person holding a feeding baby; Bottle holders for holding babies' bottles, namely, holders for holding babies' bottles in the nature of rigid braces for clamping to babies' seats during feeding; Clinical thermometers; Clips for pacifiers; Cups adapted for feeding babies and children; Dishes adapted for feeding babies and children; Disposable baby bottle liners; Disposable feeding bottle teats; Disposable teats being pacifiers for babies; Dummies for babies; Ear thermometers; Fever thermometers; Gum massagers for babies; Infrared thermometers for medical purposes; Nipples for baby bottles; Pacifiers for babies; Pouches specially adapted for holding pacifiers; Teats being pacifiers for babies; Teething rings incorporating baby rattles

FIRST USE 1-1-1998; IN COMMERCE 1-1-1998

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 2335700

SER. NO. 88-634,605, FILED 09-27-2019

Director of the United States
Patent and Trademark Office



# EXHIBIT 2

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,180,038**

**Registered Apr. 11, 2017**

**Int. Cl.: 5**

**Trademark**

**Principal Register**

Admar International, Inc. (DELAWARE CORPORATION)
3030 Aurora Avenue
Monroe, LA 71201

CLASS 5: Medicated diaper rash ointments and lotions; Medicated skin preparation for use in treating diaper rash

FIRST USE 8-6-2009; IN COMMERCE 8-6-2009

The mark consists of the wording "DR. TALBOT'S ORIGINAL SINCE 1933". The wording "DR. TALBOT'S" appears inside an oblong shaped banner which bisects an oval containing rays of light and the wording "ORIGINAL" in the top portion and "SINCE 1933" in the bottom portion.

No claim is made to the exclusive right to use the following apart from the mark as shown: "ORIGINAL" AND "SINCE 1933"

The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual.

SER. NO. 87-123,175, FILED 08-01-2016
CLAUDIA GARCIA, EXAMINING ATTORNEY

Michelle K. Lee

Director of the United States
Patent and Trademark Office

# United States of America

### United States Patent and Trademark Office

# DR. TALBOT'S

**Reg. No. 6,027,503**
**Registered Apr. 07, 2020**
**Int. Cl.: 5**
**Trademark**
**Principal Register**

ADMAR INTERNATIONAL, INC. (DELAWARE CORPORATION)
3030 Aurora Avenue
Monroe, LOUISIANA 71201

CLASS 5: Gels for use as personal lubricant; Gels, creams and solutions for dermatological use; Insect-repellents; Insect repellent agents; Insect repellent incense; Insect repellents; Insect repellents in pre-moistened towelette form; Ovulation test kits; Pregnancy test kits for home use; Aloe vera gel for therapeutic purposes; Anti-inflammatory gels; Antibacterial alcohol skin sanitizer gel; Bracelets impregnated with insect repellent; Medicated diaper rash ointment; Medicated diaper rash ointments and lotions; Pharmaceutical products and preparations against dry skin caused by pregnancy; Pharmaceutical products and preparations for pregnancy blemishes; Pharmaceutical products and preparations for hydrating the skin during pregnancy; Pharmaceutical products and preparations for preventing skin blemishes during pregnancy; Pharmaceutical products and preparations to prevent stretch marks; Preparations for repelling animals, birds and insects; Preparations for repelling insects; Preparations to prevent nail-biting and thumb-sucking; Teething gels; Therapeutic spray to sooth and relax the muscles; Wearable insect repelling devices for attachment to clothing sold pre-filled with insect repelling preparations; Wearable insect repelling devices in the nature of bracelets sold pre-filled with insect repelling preparations

FIRST USE 12-31-1933; IN COMMERCE 12-31-1933

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 5180038

SER. NO. 88-593,092, FILED 08-26-2019



Director of the United States
Patent and Trademark Office



# EXHIBIT 3

# DR. TALBOT'S Trademark Applications

| Serial Number | Class | Goods |
|---|---|---|
| 88597762 | 3 | Baby powders; Lip balm; Skin creams; Skin creams in liquid and in solid form; all of the foregoing for use only by babies, infants and children; Body wash; Shampoos; Shampoos for babies; Toothpastes; Wipes impregnated with a cleaning preparation; Wipes impregnated with a skin cleanser; After sun creams; Baby shampoo; Baby wipes impregnated with cleaning preparations; Bath cream; Cases for baby wipes impregnated with cleaning preparations; Disposable wipes impregnated with cleansing chemicals or compounds for babies; Disposable wipes impregnated with cleansing compounds for use on babies; Hair shampoo; Hand cleaners; Hand creams; Lip cream; Non-medicated balms for use on lips; Non-medicated cream soap; Non-medicated lip balm that does not contain beeswax; Non-medicated lip balms; Non-medicated diaper rash cream; Non-medicated foot cream; Non-medicated skin creams; Non-medicated skin care creams and lotions; Non-medicated skin care preparations, namely, creams; all of the foregoing for use only by babies, infants and children; Cleaner for use on stainless steel; Detergent soap; Detergents for household use; Dish detergents; Disposable wipes impregnated with cleaning chemicals or compounds for industrial and commercial use; Laundry detergents; Liquid laundry detergents; Powder laundry detergents; spray cleaners for use on stainless steel. |
| 88597776 | 7 | Electric infant formula mixers for household use |
| 88597839 | 8 | Manicure implements, namely nail clippers; Manicure sets; Scissors; Scissors for children; Nail scissors; Pedicure implements, namely, nail clippers |
| 88598052 | 9 | Baby monitors; Remote video monitoring system consisting primarily of a camera and video monitor for recording and transmitting images to a remote location; Video monitors; Video baby monitors |
| 88598101 | 10 | Breast pumps; Pacifier clips; Pacifier cloth for attachment to infant pacifiers; Pacifiers for babies; Teethers; Thermometers for medical purposes; Thermometers for medical use; Babies' bottles; Baby bottle nipples; Baby bottles; Baby feeding pacifiers; Breast milk storage bottles; Clinical thermometers; Clips for pacifiers; Disposable baby bottle liners; Disposable teats being pacifiers for babies; Ear thermometers; Fever thermometers; Health monitoring devices consisting of blood pressure monitors, thermometers and pedometers; Infrared thermometers for medical purposes; Nipples for baby bottles; Nursing bottles; Pouches specially adapted for holding pacifiers; Teats being pacifiers for babies |
| 88598145 | 11 | Sterilizers; Baby bottle sterilizers; Electric warmers for feeding bottles; Electric beverage warmers; Electric beverage warmers in the nature of bottles; Milk sterilizers; water sterilisers; water sterilizers |
| 88598181 | 20 | Bottle racks |
| 88598271 | 21 | Toothbrush cases; Toothbrush holders; Toothbrushes; Toothbrushes; Toothbrushes; Toothbrushes, electric; Bottle cleaning brushes; Cleaning |

| | | |
|---|---|---|
| | | brushes for household use; Dental care kit comprising toothbrushes and floss; Electric toothbrush replacement handles and recharging docks sold as a unit; Electric toothbrush replacement heads; Electric toothbrushes; Electric tooth brushes; Electrical toothbrushes; Finger brushes for dental care; Finger brushes for dental care of babies and children; Finger toothbrushes; Finger toothbrushes for babies; Hair, nail and tooth brushes; Manual toothbrushes; Oral care kit comprising toothbrushes and floss; Tooth brush cases; Tooth brushes; Tooth brushes, non-electric |
| **88598340** | 28 | Toy jewelry; Baby multiple activity toys; Bath toys; Bathtub toys; Infant toys; Infant action crib toys; Infant development toys; Plush toys; Plush toys with attached comfort blanket; Soft knitted toys; Soft sculpture toys; Soft sculpture plush toys; Squeezable squeaking toys; Squeeze toys; Stuffed toy animals; Stuffed toy bears; Stuffed toys; Stuffed and plush toys; Water toys; Water squirting toys; Water-squirting toys |

# EXHIBIT 4

| From: | TMOfficialNotices@USPTO.GOV |
|---|---|
| Sent: | Tuesday, March 17, 2020 00:09 AM |
| To: | bobc@nuby.com |
| Subject: | Official USPTO Notice of Allowance: U.S. Trademark SN 88598101: DR. TALBOT'S |

### NOTICE OF ALLOWANCE (NOA)

### ISSUE DATE: Mar 17, 2020

**U.S. Serial Number:** 88598101
**Mark:** DR. TALBOT'S
**Docket/Reference Number:**

No opposition was filed for this published application. The issue date of this NOA establishes the due date for the filing of a Statement of Use (SOU) or a Request for Extension of Time to file a Statement of Use (Extension Request). WARNING: An SOU that meets all legal requirements must be filed before a registration certificate can issue. Please read below for important information regarding the applicant's pending six (6) month deadline.

**SIX (6)-MONTH DEADLINE: Applicant has six (6) MONTHS from the NOA issue date to file either:**
- An SOU, if the applicant is using the mark in commerce (required even if the applicant was using the mark at the time of filing the application, if use basis was not specified originally); OR
- An Extension Request, if the applicant is not yet using the mark in commerce.  If an Extension Request is filed, a new request must be filed every six (6) months until the SOU is filed.  The applicant may file a total of five (5) extension requests.  WARNING: An SOU may not be filed more than thirty-six (36) months from when the NOA issued.  The deadline for filing is always calculated from the issue date of the NOA.

**How to file SOU and/or Extension Request:**
Use the Trademark Electronic Application System (TEAS).  Do NOT reply to this e-mail, as e-mailed filings will NOT be processed.  Both the SOU and Extension Request have many legal requirements, including fees and verified statements; therefore, please use the USPTO forms available online at https://www.uspto.gov/trademarks-application-process/filing-online (under the "INTENT-TO-USE (ITU) FORMS" category) to avoid the possible omission of required information.  If you have questions about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

For information on how to (1) divide an application; (2) delete goods/services (or entire class) with a Section 1(b) basis; or (3) change filing basis, see https://www.uspto.gov/trademarks-getting-started/process-overview/additional-information-post-notice-allowance-process.

**FAILURE TO FILE A REQUIRED DOCUMENT OUTLINED ABOVE DURING THE APPROPRIATE TIME PERIOD WILL RESULT IN THE ABANDONMENT OF THIS APPLICATION.**

### REVIEW APPLICATION INFORMATION FOR ACCURACY

If you believe this NOA should not have issued or correction of the information shown below is needed, you must submit a request to the Intent-to-Use Unit.  Please use the "Post-Publication Amendment" form under the "POST-APPROVAL/PUBLICATION/POST NOTICE OF ALLOWANCE (NOA) AMENDMENT FORMS" category, available at https://www.uspto.gov/trademarks-application-process/filing-online/post-approvalpublicationpost-notice-allowance-noa.  Do NOT reply to this e-mail, as e-mailed filings will NOT be processed.

| | |
|---|---|
| **Serial Number:** | 88598101 |
| **Mark:** | DR. TALBOT'S |
| **Docket/Reference Number:** | |
| **Owner:** | ADMAR INTERNATIONAL, INC. |
| | 3030 AURORA AVENUE |
| | MONROE , LOUISIANA  71201 |
| **Correspondence Address:** | ROBERT M. CHIAVIELLO, JR. |
| | NUBYLAW |
| | 3030 AURORA AVENUE |
| | IP DEPARTMENT |
| | MONROE, LA 71201 |

This application has the following bases, but not necessarily for all listed goods/services:
Section 1(a): NO          Section 1(b): YES          Section 44(e): NO

### GOODS/SERVICES BY INTERNATIONAL CLASS

010 -     Breast pumps; Pacifier clips; Pacifier cloth for attachment to infant pacifiers; Pacifiers for babies; Teethers; Thermometers for medical purposes; Thermometers for medical use; Babies' bottles; Baby bottle nipples; Baby bottles; Baby feeding pacifiers; Breast milk storage bottles; Clinical thermometers; Clips for pacifiers; Disposable baby bottle liners; Disposable teats being pacifiers for babies; Ear thermometers; Fever thermometers ; Health monitoring devices consisting of blood pressure monitors, thermometers and pedometers; Infrared thermometers for medical purposes; Nipples for baby bottles; Nursing bottles; Pouches specially adapted for holding pacifiers; Teats being pacifiers for babies -- FIRST USE DATE: NONE; -- USE IN COMMERCE DATE: NONE

### ALL OF THE GOODS/SERVICES IN EACH CLASS ARE LISTED.

**Appropriate Specimens for Goods and/or Services:** A trademark specimen should be a label, tag, or container for the goods, or a display associated with the goods. See TMEP §§904.03 et seq. A service mark specimen should be an advertisement, sign, brochure, website printout or other image that shows the mark used in the actual sale or advertising of the services. See TMEP §§1301.04 et seq. For an instructional video on what is an appropriate trademark or service mark specimen for a good and/or service, click here.

# EXHIBIT 5



**R. Kyle Ardoin**

SECRETARY OF STATE

As Secretary of State of the State of Louisiana I do hereby Certify that

ADMAR INTERNATIONAL, INC., located at 3030 AURORA AVE, MONROE, LA 71201,

Has filed for record in this department an application for the trade mark

**NUBY**

Which was first used in the State of Louisiana on January 01, 1998, for class(es):

10 MEDICAL APPARATUS

Said application was filed and recorded in this Office on July 20, 2020, which recordation is for a term of ten years from the date hereof.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

July 20, 2020

*Secretary of State*

WEB 73-0886

Certificate ID:  1124539/#YBR93

To validate this certificate, visit the following web site, go to Business Services, Search for Louisiana Business Filings, Validate a Certificate, then follow the instructions displayed
**www.sos.la.gov**

Page 1 of 1 on 7/20/2020 4:38:18 PM

35



## R. Kyle Ardoin

### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana I do hereby Certify that*

ADMAR INTERNATIONAL, INC., located at 3030 AURORA AVE, MONROE, LA 71201,

Has filed for record in this department an application for the trade mark

**NUBY LOGO: STYLIZED DESIGN OF NUBY WORD MARK WITH ALL RED LETTERS
AND A CONDENSED UPSIDE DOWN HEART MARK ABOVE THE "U"**

Which was first used in the State of Louisiana on January 01, 1998, for class(es):

10  MEDICAL APPARATUS

Said application was filed and recorded in this Office on July 21, 2020, which recordation
is for a term of ten years from the date hereof.

In testimony whereof, I have hereunto set my
hand and caused the Seal of my Office to be
affixed at the City of Baton Rouge on,

July 21, 2020

*Secretary of State*

WEB 73-0911

Certificate ID:  1124136740842

To validate this certificate, visit the following web site,
go to Business Services, **Search for Louisiana
Business Filings, Validate a Certificate,** then follow
the instructions displayed
**www.sos.la.gov**

Page 1 of 1 on 7/21/2020 10:12:13 AM

36

# EXHIBIT 6



## R. Kyle Ardoin

### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana I do hereby Certify that*

ADMAR INTERNATIONAL, INC., located at 3030 AURORA AVE, 2ND FLOOR, MONROE, LA 71201,

Has filed for record in this department an application for the trade mark

**DR. TALBOT'S**

Which was first used in the State of Louisiana on December 31, 1933, for class(es):

10  MEDICAL APPARATUS

Said application was filed and recorded in this Office on June 18, 2020, which recordation is for a term of ten years from the date hereof.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

June 18, 2020

*Secretary of State*

WEB 71-9841

Certificate ID:   11223 7238-6D5E

To validate this certificate, visit the following web site, go to Business Services, **Search for Louisiana Business Filings, Validate a Certificate,** then follow the instructions displayed
**www.sos.la.gov**

Page 1 of 1  on 6/18/2020 4:57:03 PM

38

# EXHIBIT 7





# EXHIBIT 8



# EXHIBIT 9



